UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Israel, | ) | |
|       Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-6452 |
| Michael Bucon, James Adams, and Xtreme Protection Services, LLC, | ) ) ) ) | |
|       Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

To:     Clerk of the United States District Court for the
            Northern District of Illinois, Eastern Division

Please take notice that Defendants James Adams and Xtreme Protection Services, LLC, by one of their attorneys, Glenn E. Heilizer, with the consent of the sole remaining defendant, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), hereby remove to this Court the below described state court lawsuit, and further make the following recitations in support of their notice of removal.

        1.       The pleading that forms the basis for this notice of removal is styled "Amended Third Amended Complaint," captioned <u>David Israel v. Michael Bucon, James Adams and Xtreme Protection Services, LLC</u>, No. 2017-L-6026, filed in the Circuit Court

of Cook County, Illinois on August 9, 2017. A copy of the Amended Third Amended Complaint is attached as Exhibit A.[1]

       2.      The Amended Third Amended Complaint purports to assert a claim for civil damages pursuant to 18 U.S.C. § 2520. (Exh. A, Count IV.)

       3.      Removal therefore is appropriate under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because the claim brought pursuant to 18 U.S.C. § 2520 arises under the "Constitution, laws, or treaties of the United States."

       4.      Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over the remaining state law claims, namely Eavesdropping (720 ILCS 5/14-2), Intentional Infliction of Emotional Distress, Outrage, Intrusion Upon Seclusion, and Trespass. (Exh. A; Counts I-III, V-VI.) Those state law claims are part of the same case or controversy as the claim brought pursuant to 18 U.S.C. § 2520.

       5.      Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(1), because all defendants are alleged in the Amended Third Amended Complaint to reside in counties or municipalities that are located within the geographical confines of the United States District Court for the Northern District of Illinois, Eastern Division. (Exh. A; pp. 1-2.)

---

[1] The pleading is styled "Amended Third Amended Complaint" because plaintiff first filed a third amended complaint on August 9, 2017, then amended the pleading the same day, to correct certain typographical errors. A copy of the original third amended complaint, minus the voluminous exhibits that duplicate the exhibits attached to the Amended Third Amended Complaint, is attached as Exhibit B.

6. This notice of removal was filed within 30 days of service after receipt by defendants of the Amended Third Amended Complaint, through service or otherwise. (Exh. A; last page (certificate of service).)

7. Although three previous complaints were filed by plaintiff in the Circuit Court of Cook County, Illinois prior to August 9, 2017, none of those pleadings, which set forth exclusively state law claims, alleged damages in excess of the sum or value of $75,000, exclusive of interest and costs, or that plaintiff and defendants were citizens of different states.

8. First, plaintiff filed a complaint in the Circuit Court of Cook County, Illinois on September 22, 2016, asserting state law claims of assault and intentional infliction of emotional distress against Michael Bucon. A copy of the complaint is attached as Exhibit C. That pleading did not name James Adams or Xtreme Protection Services, LLC as defendants, and did not allege any claims that could be removed to federal court pursuant to 28 U.S.C. § 1441. (Exh. C passim.)[2]

9. Next, plaintiff filed a first amended complaint in the Circuit Court of Cook County, Illinois on October 20, 2016, asserting claims of assault and intentional infliction of emotional distress against Michael Bucon, James Adams and Xtreme Protection Services, LLC. A copy of the first amended complaint is attached as

---

[2] When the initial complaint in the state court case was filed, the case was assigned a different case number, 2016 L 9348. (Exh. C.) The action was renumbered to 2017-L-6026, following a temporary stay of the case. (See Group Exh. I p. 11.)

Exhibit D.  That pleading did not allege any claims that could be removed to federal court pursuant to 28 U.S.C. § 1441.  (Exh. D passim.)

   10. Thereafter, plaintiff filed a second amended complaint in the Circuit Court of Cook County, Illinois on February 22, 2017, asserting claims of assault, intentional infliction of emotional distress, and eavesdropping under state law (720 ILCS 5/14-2) against Michael Bucon, James Adams and Xtreme Protection Services, LLC.  A copy of the second amended complaint is attached as Exhibit E.  That pleading did not allege any claims that could be removed to federal court pursuant to 28 U.S.C. § 1441.  (Exh. E passim.)

   11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the sole remaining defendant, Michael Bucon, has consented to the removal of the state court lawsuit.  (Exhibit F.)

   12. Pursuant to 28 U.S.C. § 1446(a), copies of all remaining pleadings, process, and orders in the state court case are attached as Group Exhibits G, H, and I, respectively.[3]

---

[3] Section 1446(a) requires the submission of "all process, pleadings, and orders served upon such defendant or defendants in such action."   The purpose of this requirement is "intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." Riehl v. National Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967); see also Presnell v. Cottrell, Inc., No. 09-cv-656-JPG, 2009 U.S. Dist. LEXIS 116288 at *14 (S.D. Ill. Dec. 14, 2009) (same).  Because motions are not pleadings as defined by Fed. R. Civ. P. 7, and would not "delineate the issues to be tried," defendants presume motions and memoranda from the state court action are not properly part of the record for a notice of removal.  Should the Court require the inclusion of motions and memoranda, defendants request leave to supplement the notice of removal.  Cf. Mostafa v. Morton College, No. 16-cv-2579, 2016 U.S. Dist. LEXIS 59678 at * (N.D. Ill. May 5, 2016) (any failure by removing party to include all state court orders with the notice of removal "could be cured by allowing Defendants leave to file an amended notice of removal").

- 5 -

13. Pursuant to 28 U.S.C. § 1446(d), defendants James Adams and Xtreme Protection Services, LLC, promptly after the filing of this notice of removal, shall give written notice thereof to the plaintiff and defendant Bucon, and shall file a copy of the notice with the clerk of court in the state court lawsuit.

        JAMES ADAMS AND XTREME
        PROTECTION SERVICES, LLC

        By:  /s/ Glenn E. Heilizer
            One of their attorneys

Glenn E. Heilizer
HeilizerLaw
Five North Wabash Avenue
Suite 1304
Chicago, Illinois 60602
312-759-9000
glenn@heilizer.com
ARDC No. 6196412

Dated: September 7, 2017