**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID ISRAEL, | ) | Case No. 17-cv-06452 |
|         Plaintiff, | ) | Consolidated with Case No. 17-cv-06643 |
| | ) | |
|         v. | ) | Honorable Charles R. Norgle, Sr. |
| | ) | Room 2341 |
| MICHAEL BUCON, individually and | ) | |
| as agent of James Adams and Xtreme | ) | |
| Protection Services, LLC, JAMES | ) | Magistrate Judge Maria Valdez |
| ADAMS, individually and as agent of | ) | Room 1041 |
| Xtreme Protection Services, LLC and | ) | |
| XTREME PROTECTION SERVICES, | ) | |
| LLC, | ) | |
|         Defendants. | ) | |
| DAVID ISRAEL, | ) | |
|         Plaintiff, | ) | |
|         v. | ) | |
| | ) | |
| DIANE ISRAEL, and | ) | |
| SHAWN ENGBRECHT, | ) | |
|         Defendants. | ) | |

## DAVID ISRAEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

NOW COMES Plaintiff, David Israel ("David"), by his attorneys, Ariel Weissberg and the law offices of Weissberg and Associates, Ltd., and hereby moves this Court, pursuant to Federal Rule of Civil Procedure 56(a), to enter partial summary judgment as to liability in favor of David Israel and against Defendants James Adams ("Adams"), Xtreme Protection Services, LLC ("Xtreme") and Diane Israel ("Diane") on the Fifth Amended Complaint, and states as follows:

### I.     INTRODUCTION

**A.**     **Background**

1. This case arises from events occurring in 2014 and 2015 related to the surveillance of David and Harey Israel.

2. On August 15, 2018, David filed the *Fifth Amended Complaint* against Adams, Diane, Xtreme, Michael Bucon and Shawn Engbrecht. (Dkt. No. 387) ("Fifth Amended Complaint"). In the Fifth Amended Complaint, David sued the defendants for (i) trespassing and illicitly placing listening devices in his office; (ii) intercepting his telephone conversations and eavesdropping on telephone and in-person communications with several of his attorneys (regarding, but not limited to, an inheritance of more than $20 million) in David's office; (iii) attaching SIM card enabled GPS tracking devices on his cars that transmitted their location when the associated number received a text; (iv) sending harassing and threatening text messages to him in the summer of 2015; (v) engaging in a conspiracy to obtain David's private information, including sending a teddy bear from a cancer society with a listening device stitched into the teddy bear to obtain such information and to harass and intimidate David; and (vi) intentionally inflicting emotional distress upon David. David seeks compensatory and punitive damages in this action.

3. On August 29, 2018, Diane filed *Diane Israel's Answer to Plaintiff David Israel's Fifth Amended Complaint* (Dkt. No. 412) ("Diane Answer"). A copy of the Diane Answer is appended to *David Israel's Statement of Uncontested Material Facts in Support of David Israel's Motion for Summary Judgment* ("David Statement"), filed contemporaneously with this Motion as Exhibit 1. In the Diane Answer, Diane responded to virtually all of the factual allegations as follows: "Based upon the assertion of her rights under the Fifth Amendment to the United States Constitution, Diane neither admits nor denies the allegations of paragraph __."

4. On August 30, 2018, James and Xtreme filed *Defendants James Adams and Xtreme Protection Services, LLC Answer to Plaintiff David Israel's Fifth Amended Complaint* (Dkt. No. 415) ("Adams Answer"). A copy of the Adams Answer is appended to the David Statement as Exhibit 2. In the Adams Answer, Adams responded to virtually all of the factual allegations as

follows: "Adams declines to answer the allegations of paragraph __ based on the assertion of his rights under the Fifth Amendment to the United States Constitution. Without waiving his assertion of the Fifth Amendment, however, Adams will not contest the allegations of paragraph __." Xtreme adopted Adams invocation of the Fifth Amendment in the same paragraphs Adams asserted the Fifth Amendment in the Adams Answer.

5. Given the Defendants' failure to deny David's allegations, Magistrate Judge Valdez concluded and ruled on May 30, 2018 that such failure was the "functional equivalent of an admission" of all of those allegations, and that ruling was also definitively agreed with and confirmed by Judge Norgle's order on September 20, 2018. Defendants cannot now take a different and contrary position.

6. Therefore, there is no genuine issue of any material fact alleged in the Complaint, and summary judgment on the issue of liability should be entered in favor of David on all counts of the Complaint.

**B.  Removal to Federal Court and Consolidation**

7. This case was initiated in the Circuit Court of Cook County as two separate cases: (a) *David Israel v. Michael Bucon, individually and as agent of James Adams and Xtreme Protection Services, LLC, James Adams, individually and as agent of Xtreme Protection Services, LLC and Xtreme Protection Services, LLC*, 17-L-006026 ("Adams State Court Action"); and (b) *David Israel v. Diane Israel*, 17-L-7184 ("Diane State Court Action").

8. On September 7, 2017, Adams and Xtreme, with the written consent of Michael Bucon ("Bucon"), filed a Notice of Removal to remove the Adams State Court Action to the United States District Court for the Northern District of Illinois, Eastern Division (Dkt. No. 1).

9. On September 14, 2017, Diane filed a Notice of Removal to remove the Diane State Court Action, to the United States District Court for the Northern District of Illinois, Eastern Division ("Diane Case") (Diane Case Dkt. No. 1).

10. On September 20, 2017, Diane filed *Defendant's Motion to Reassign Pursuant to Local Rule 40.4 and for Consolidation Pursuant to Fed. R. Civ. P. 42(A)* (Dkt. No. 20) in the instant case ("Motion to Consolidate").

11. On October 13, 2017, David filed *Plaintiff's Response to Diane Israel's Motion for Reassignment and for Consolidation* (Dkt. No. 38) in the instant case.

12. On October 20, 2017, Diane filed *Defendant's Reply in Support of her Motion to Reassign Pursuant to Local Rule 40.4 and for Consolidation Pursuant to Fed. R. Civ. P. 42(A)* (Dkt. No. 44) in the instant case.

13. On December 7, 2017, the Court granted Diane's Motion to Consolidate. (Dkt. No. 70) in the instant case.

14. Following the removals and consolidation, all the pleadings and discovery have been issued in the instant case.

**C.     Discovery Issued in the Case**

15. Prior to the removal to this court and afterwards, the parties exchanged discovery requests, requests to admit and responses. In Defendants' responses, the Fifth Amendment privilege was asserted instead of substantive responses. A detailed listing of those documents is attached hereto as **Exhibit 1** and incorporated herein by reference.

D.     **David's Motions to Compel Against Adams and Xtreme**

16.    Because of the broad use of the assertion of the Fifth Amendment by Adams and Xtreme, the Court ruled on multiple motions to compel David filed against Adams and Xtreme. David filed the motions to compel, described below, to seek discovery on liability issues.

17.    On September 11, 2017, David filed *Plaintiff's Motion to Compel James Adams and Xtreme Protection Services, LLC to Respond to Outstanding Discovery Requests* (Dkt. No. 9) ("MTC Adams and Xtreme").

18.    On September 29, 2017, Adams and Xtreme filed *Defendants James Adams and Xtreme Protection Services' Memorandum in Opposition to Plaintiff's Motion to Compel Discovery Responses* (Dkt. No. 31) ("Adams and Xtreme Response to MTC").

19.    On October 6, 2017, David filed *Plaintiff's Reply in Support of His Motion to Compel Discovery Responses from James Adams and Xtreme Protection Services, LLC* (Dkt. No. 36) ("David Reply to MTC Adams and Xtreme").

20.    On December 12, 2017, the Magistrate Judge entered an order granting in part and denying in part the MTC Adams and Xtreme (Dkt. No. 78) ("Order on MTC Adams and Xtreme"). A copy of the Order on MTC Adams and Xtreme is appended hereto as **Exhibit 2**. The Magistrate Judge granted the MTC Adams and Xtreme for: (a) all discovery responses by Xtreme; and (b) Interrogatory No. 1, 3 and 4 (limited to the extent David alleges particular phone numbers directed communications to him during the relevant time frame), 10, 11 to Adams. Order on MTC Adams and Xtreme pp. 4, 7 and 8. The Magistrate denied the MTC Adams and Xtreme for: (a) Requests for Production to Adams 2-17; (b) Interrogatory No. 14 to Adams, finding it relevant whether Adams pleaded the Fifth Amendment on his behalf in proceedings before the Illinois Department of Financial and Professional Regulation; Interrogatory No. 14 to Xtreme and Interrogatory No.

15 to Adams, finding that the responses were fulsome and the Court could not compel more fulsome answers; and (c) the Requests for Inspection. *Id*., pp. 6, 8 and 9.

21. On March 2, 2018, David filed *Plaintiff's Motion to Compel Defendant, James Adams, to Respond to Outstanding Discovery* (Dkt. No. 125) ("MTC Adams"), incorporating the arguments made in the MTC Adams and Xtreme and the David Reply to MTC Adams and Xtreme.

22. On March 5, 2018, Adams filed *Defendants' Motion to Strike Plaintiff's Second Motion to Compel Against Defendant Adams* (Dkt. No. 127) ("Adams MTS").

23. On March 6, 2018, the Magistrate Judge entered an order granting the Adams MTS and denying the MTC Adams without prejudice ("Order on MTC Adams") (Dkt. No. 129), striking the MTC Adams for failing to comply with LR 37.1, this Court's standing orders and for being premature in light of Defendants' agreement to provide a list of issues on which they do not intend to offer evidence at trial. A copy of the Order on MTC Adams is appended hereto as **Exhibit 3**.

24. On April 16, 2018, David filed *Plaintiff's Combined Motion to Compel Discovery Against Defendants Diane Israel and James Adams* (Dkt. No. 162) ("MTC Adams and Diane").

25. On May 1, 2018, Adams filed *Defendant Adams' Motion to Strike Plaintiff's Third Motion to Compel the Production of Documents* (Dkt. No. 177) ("Adams Second MTS").

26. On May 1, 2018, Diane filed *Diane Israel's Joinder of Adams' Motion to Strike David's Motion to Compel and Response to David's Motion to Compel* (Dkt. No. 181) ("Diane Joinder").

27. On May 8, 2018, David filed *Plaintiff's Reply in Support of His Combined Motion to Compel Discovery Against Defendants Diane Israel and James Adams* (Dkt. No. 194) ("David Reply to MTC Adams and Diane").

28. On May 30, 2018, the Magistrate Judge entered an order, among other things, denying the MTC Adams and Diane (Dkt. No. 243) ("Order on MTC Adams and Diane"), for failing to explain how the requested discovery relates to matters other than those admitted to or that will not be contested at trial, and discovery on uncontested issues is not proportional to the needs of the case. A copy of the Order on MTC Adams and Diane is appended to the David Statement as Ex. 13. See Ex. 13 to David Statement, p. 21.

E.  **David's Motions to Compel Against Diane**

29. Because of the broad use of the assertion of the Fifth Amendment by Diane, the Court ruled on multiple motions to compel filed against Diane. David filed these motions to compel, described below, to seek discovery on liability issues.

30. On December 27, 2017, David filed *Plaintiff's Motion to Compel Defendant Diane Israel to Respond to Outstanding Discovery* (Dkt. No. 84) ("David MTC Diane").

31. On January 16, 2018, Diane filed *Diane Israel's Response in Opposition to Plaintiff's Motion to Compel Diane Israel to Respond to Outstanding Discovery* (Dkt. No. 94) ("Diane Response to MTC").

32. On January 25, 2018, David filed *Plaintiffs' Reply in Support of His Motion to Compel Defendant Diane Israel to Respond to Outstanding Discovery* (Dkt. No. 98) ("David Reply to MTC Diane").

33. On March 20, 2018, the Magistrate Judge entered an order, among other things, striking the David MTC Diane in light of the Order on MTC Adams (Dkt. No. 133) ("Order on David MTC Diane"). A copy of the Order on David MTC Diane is appended hereto as **Exhibit 4**.

34. On August 21, 2018, David filed *David Israel's Motion to Compel Diane Israel to Respond to Discovery Relating to Her Current Net Worth.*[1] (Dkt. No. 397) ("David Second MTC Diane").

35. On September 4, 2018, Diane filed *Diane's Response to David's Motion to Compel Financial Records; Motion to Quash Financial Subpoenas; and Motion to Produce all Additional Financial Records as "Attorneys' Eyes Only"* (Dkt. No. 423) (Diane Response to Second MTC").

36. On September 7, 2018, David filed *David Israel's Reply to his Motion to Compel Diane Israel to Respond to Discovery Relating to Her Current Net Worth* (Dkt. No. 439) (David Reply to Second MTC Diane").

**D.    Diane's Motion to Limit**

37. On May 4, 2018, Diane filed *Diane Israel's Motion for Protective Order limiting Discovery on Liability Issues* (Dkt. No. 187) ("Diane Motion to Limit"). In the Diane Motion to Limit, Diane requested that the Magistrate Judge enter an order limiting discovery on liability issues. In support of the Diane Motion to Limit, Diane appended a copy of her proposed answer to the most version of the complaint at that time wherein Diane responded to 'virtually all of the operative factual allegations with the following response: "Based upon the assertion of her rights under the Fifth Amendment to the United States Constitution, Diane neither admits nor denies the allegations of paragraph __."' Diane Motion to Limit, p.2. As a result, Diane argued, her responses were the equivalent of "an unqualified admission" pursuant to Fed. R. Civ. P. 8(d) and *Ayat v. Societe Air France*, 2008 WL 114936 (N.D.Cal. Jan 8, 2008) ("*Ayat*"). *Id*., p. 2-3. Thus, because Diane's proposed answers to the complaint were deemed admitted, Diane argued the Diane Motion to Limit should be granted. *Id*., p. 2.

---

[1] This was a redacted version of a filing.

38. On May 21, 2018, David filed *Plaintiff's Response to Defendant, Diane Israel's Motion for Protective Order Limiting Discovery on Liability Issues (Dkt. No. 187)* (Dkt. No. 223) ("David Response to Diane"). In the David Response to Diane, David requested that the Magistrate Judge deny the Diane Motion to Limit. In the David Response to Diane, David argued that the Diane Motion to Limit was prematurely filed since Diane had not yet actually filed an answer. David Response to Diane, p. 2. David further argued that given her refusal to admit or deny, Diane's proposed answer was not actually an answer at all, citing to *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387 (7th Cir. 1995) ("*LaSalle*"). *Id.*, p. 4. Under *LaSalle*, David argued that deeming Diane's proposed answer as an "inference of guilt" was forbidden, and thus, David needed to conduct discovery as to liability in order to paint a full picture of liability. *Id.*

39. On May 23, 2018, Diane filed *Diane Israel's Reply in Support of her Motion for Protective Order Limiting Discovery on Liability Issues (Dkt. 187)* (Dkt. No. 230) ("Diane Reply"). In the Diane Reply, Diane reiterated her commitment to filing an answer substantially pleading the Fifth Amendment and argued that should the Court find that the answer she does file substantially different than what she presented, the Court could use its discretionary powers to deal with her effectively. Diane Reply, p. 2. Furthermore, Diane asserted that Fed. R. Civ. P. "8(b)(6) plainly provides that Diane's assertions of the Fifth Amendment in would be deemed admissions." *Id.* Consequently, Diane argued, the Magistrate Judge should grant the Diane Motion to Limit.

40. On May 30, 2018, Magistrate Judge Valdez entered an order on, among other things, Diane's Motion to Limit ("Magistrate Order") (Dkt. No. 243). A copy of the Magistrate Order is attached to the David Statement as Exhibit 13. The Magistrate Order called Diane's answer a "gift of a liability admission," and claimed that "asserting the privilege in an answer, and thus failing to deny an allegation is the functional equivalent of an admission."

41. On June 13, 2018, Plaintiff filed *Plaintiff, David Israel's Objections to the Magistrate's Order Issued on May 30, 2018 (DE 243) pursuant to Civil Procedure Rule 72(a)* (Dkt. No. 280) ("David Objection"). In the David Objection, among other things, David requested that the District Court Judge modify or set aside the Magistrate Order for being clearly erroneous. David cited to *National Acceptance Company of America v. Bathalter* 705 F.2d 924 (7th Cir. 1983) ("*Nat'l Acceptance*") and *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) ("*Baxter*") to support his argument in the David Objection. Under *Nat'l Acceptance* and *Baxter*, David argued, "a plaintiff may not rest a judgment on a defendant's constitutionally protected silence alone" and that "a valid claim of privilege in response to the allegations of a complaint must not be treated as an admission of those allegations." David Objection, p. 6. David argued that the Magistrate Judge took Diane's proposed answer a *proof* that David established liability and then restricted his discovery as to liability, which was clearly erroneous and contrary to the holdings of *Nat'l Acceptance* and *Baxter*. *Id*.

42. On September 20, 2018, the District Court entered an order declining to modify or set aside any portion of the Magistrate Order (Dkt. No. 471). A copy of the District order is attached to the David Statement as Exhibit 14.

E. **Adams Motion to Limit**

43. On August 20, 2018, Adams filed *Defendant James Adams's Motion to Determine that Certain of the Court's Rulings Apply Equally to Him and Unopposed Motion to Amend the Court's Order Regarding his Disposition* (Dkt. No. 395) ("Adams Motion to Limit"). In the Adams Motion to Limit, Adams noted that the Court granted, among other things, the Diane Motion to Limit. Adams Motion to Limit, ¶3. Given the Court's ruling and that "Adams is identically situated to Diane," Adams requested that the Court apply the rulings on the Diane

Motion to Limit to Adams as well. *Id.*, ¶¶11-12. Adams argued that the Court's reasoning in granting the Diane Motion to Limit would "apply to Adams in exactly the same way it applies to Diane" and Plaintiff had not "provided a principled—let alone persuasive—explanation why the orders do not apply to Adams" in support of its request. *Id.*, ¶12.

44. On August 23, 2018, the Court denied the Adams Motion to Limit (Dkt. No. 400) ("Adams Initial Order"). The Court stated that it could not "summarily conclude that Adams should enjoy the benefits of the Court's ruling without the need for further argument," providing as an example that Diane asserted that "she would functionally admit nearly all of Plaintiff's allegations related to liability," but that "the record contains no such affirmative statement from Adams." Adams Initial Order, p. 5.

45. On September 7, 2018, Adams filed *Defendant James Adams's Renewed Motion – After Having Answered the Complaint and Indicated Areas of No Contest – to Limit Discovery About Liability* (Dkt. No. 436) ("Adams Renewed Motion"). In the Adams Renewed Motion, Adams renewed the Adams Motion to Limit on the basis that Adams filed the Adams Answer on August 30, 2018. Adams Renewed Motion, ¶1. Because the Adams Answer demonstrated that Adams "functionally admitted liability on the record," Adams argued that the Court should similarly find in favor of Adams as it did for Diane in the Magistrate Order. *Id.*, ¶6. Like the Diane Motion to Limit, the Adams Renewed Motion cited to Rule 8(d) and *Ayat*. *Id.*, ¶¶8-9. Furthermore, Adams argued that "David created a window of time for the Court to consider the merits" of the Adams Renewed Motion. *Id.*, ¶1.

46. On September 19, 2018, David filed *Plaintiff's Response to James Adams Renewed Motion to Limit Discovery About Liability* (Dkt. No. 464) ("David Response to Adams"). In the David Response to Adams, David argued that the Adams Renewed Motion should be denied for

being (a) untimely; and (b) on the merits. Relating to timeliness, David argued that although the Magistrate Order was entered on May 30, 2018, four months later, Adams failed to join the motions. David Response to Adams, p. 2. Furthermore, David stated that any "window of time" purportedly created by David, was closed by the Magistrate Judge in the Adams Initial Order, where the Magistrate Judge stated that "the parties may come to whatever private agreement they wish, the Court will not give that agreement a judicial imprimatur." *Id*. Like his arguments in the David Response to Diane and the David Objection, David argued that the Adams Renewed Motion should be denied on the merits, pursuant to *LaSalle* and *Nat'l Acceptance*, which prohibit treating the assertion of the Fifth Amendment as an admission. *Id*., p. 2-5.

47. On September 21, 2018, Adams filed *Defendant James Adams's Reply in Support of His Renewed Motion to Limit Discovery About Liability* (Dkt. No. 470) ("Adams Reply"). In the Adams Reply, Adams argued that his motion was not untimely because he filed the Adams Response and that there was no supporting statute, rule or case in support of David's conclusion about timeliness. Adams Reply, p. 2. Secondly, Adams argued that David misunderstood *LaSalle*, *Nat'l Acceptance* and *Baxter*, and that the trio of cases held that "silence *in and of itself*" was insufficient to support liability. *Id*., p. 4. In the Adams Answer, Adams stated he invoked the Fifth Amendment and affirmatively stated he would not contest any fights. *Id*. Thus, Adams argued, he was inviting the application of Rule 8. *Id*.

48. On October 4, 2018, the Magistrate Judge entered an order granting Adams Renewed Motion (Dkt. No. 475) ("Adams Second Order"). A copy of the Adams Second Order is attached to the David Statement as Exhibit 15.

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT

49. Summary judgment is appropriate if this Court, after viewing all facts in a light most favorable to the non-movant, finds that no genuine issue of material fact exists and that David is entitled to judgment as a matter of law. *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 658 (7th Cir. 2010); *Wilson v. Souchet*, 168 F.Supp.2d 860, 864 (N.D. Ill. 2001).

50. David moves for summary judgment because the Magistrate Judge, in entering the Magistrate Order, took the proposed answer filed by Diane as *proof* that David has established liability and then restricted his ability to conduct any further discovery to allow David to support his claims at trial. The Magistrate Judge did not provide David with an opportunity to conduct further discovery because Diane's answer, according to the Magistrate, "is the functional equivalent of an admission." Ex. 13 to David Statement, Magistrate Order, p. 18. She stated that Diane has "for all relevant purposes, admitted the fact is true." *Id*. The Magistrate assumed that the assertion of the Fifth Amendment is a "gift of liability." *Id*., at 17. The Magistrate stated she was "perplexed" by the distinction between admitting an allegation or pleading the Fifth Amendment in response to the allegation. *Id.*, at 18. Thus, by the Magistrate Order and the District Court's subsequent refusal to modify or set aside any portion of the Magistrate Order, the Diane Answer has established liability in this case and David is entitled to summary judgment. Additionally, by granting the Adams Renewed Motion, which requested the Court find similarly as it did to Diane based on its functional admissions in the Adams Answer, the Adams Answer has established liability for Adams and Xtreme in this case. Ex. 15 to David Statement, Adams Second Order.

51. In support of this Motion, David relies on (a) *David Israel's Statement of Material Facts in Support of David Israel's Motion for Summary Judgment* and the exhibits appended

thereto; and (b) *David Israel's Memorandum of Law in Support of David Israel's Motion for Summary Judgment* contemporaneously filed with this Motion.

WHEREFORE, Plaintiff, David Israel, prays that the Court that the Court enter partial summary judgment as to liability in favor of David Israel and against Defendants Diane Israel, James Adams and Xtreme Protection Services, LLC; and for such other relief as the court deems appropriate.

**DAVID ISRAEL,** Plaintiff

By: /s/ Ariel Weissberg
One of his attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. 312-663-0004
Email: ariel@weissberglaw.com